IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID MIESCKE,

    Plaintiff,

v.

VILLAGE OF McFARLAND,

    Defendant.

OPINION
AND ORDER

19-cv-572-slc

---

David Miescke brings this civil action under 42 U.S.C. § 1983 for alleged violations of his civil rights by members of the McFarland Police Department ("MPD"), who he claims engaged in a "pattern of harassment" against him from February 2017 to early 2019. Dkt. 1. The allegations in the complaint stem from a number of interactions that Miescke had with McFarland police resulting from his fraught relationship with Teresa Pahl, his ex-girlfriend and the mother of his child. The sole defendant, the Village of McFarland, has moved for summary judgment under Fed. R. Civ. P. 56. Dkt. 27. For the reasons stated below, I am granting this motion, which is virtually unopposed.

In support of its motion, the Village has submitted 176 proposed facts, the transcripts of Miescke's deposition, affidavits from nine law enforcement officers, and a supporting brief. Dkts. 25-39. As a starting point, the Village points out that Miescke's focus on MPD is fatally misdirected, since MPD is neither a named defendant nor a proper defendant; in any event, contends the Village, Miescke has submitted no evidence that would support imposing municipal liability pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). More specifically, says the Village, Miescke has not established "the existence of an official policy or other governmental custom that not only causes but is the moving force

behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) (internal quotation marks omitted).

Miescke filed a brief in opposition but he has not contested any of the facts proposed by the Village, nor has he proposed any facts of his own. Accordingly, the Village's proposed facts are undisputed. *See* Preliminary Pretrial Packet, at 5-10, "Procedure to be Followed on Summary Judgment," Sec. II.C. ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."), attached to 10/23/19 Pretrial Conf. Ord., dkt. 10; *see also* Fed. R. Civ. P. 56(e)(2). The Village's undisputed facts completely refute Miescke's conclusory allegation that MPD engaged in a "pattern of harassment" against him.

The evidence shows that most of MPD's contacts with Miescke, including its arrest of him on March 16, 2019, were in response to complaints that *Miescke* was engaging in a pattern of harassment against Pahl. Moreover, Miescke concedes that no MPD officer physically or verbally harmed or threatened him, he concedes that no one contacted his family or friends, PPFOF, dkt. 39, ¶¶ 15-16, and he only feebly argues that his March 16, 2019 arrest–for violating a harassment injunction– wasn't supported by probable cause (it was). Opp. Br., dkt. 41, at 9; PPFOF,¶¶ 141-162. So, the alleged constitutional deprivations upon which Miescke initially brought this suit – which were not clear from the complaint – do not exist.

In his brief, Miescke alludes to a claim of "attempts to question Mr. Miescke following notice that he had invoked his right to an attorney and did not wish to speak to police[.]" Opp. Br., dkt. 41, at 5. Assuming that Miescke is claiming that the MPD violated his Sixth Amendment right to counsel, that claim fails as well. In order to be entitled to a cessation of

questioning until a lawyer has been made available, "[a] defendant must unambiguously request the assistance of counsel in order to invoke his right to an attorney under *Miranda* and thus prevent the interrogator from asking any further questions." *United States v. Muhammad*, 120 F.3d 688, 698 (7th Cir. 1997) (citing *Davis v. United States*, 512 U.S. 452, 458-60 (1994)).  If a suspect requests counsel, but then makes statements or asks questions that "evinced willingness and a desire" for further discussion about the investigation, law enforcement may resume discussion with the suspect.  *Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46 (1983).  Plainly, this is a fact-intensive inquiry.  However, Miescke has not proposed a single fact to establish (1) when, where, and how he invoked his right to counsel, (2) that any officer contacted or attempted to speak with him after he unambiguously invoked his right to counsel, or (3) that any officer did so *knowing* that Miescke had invoked his right to counsel.

Miescke advises the court to "*See, and compare, for example*," some of the officers' declarations, Opp. Br., dkt. 41, at 5.  That was *his* job: it is not the court's responsibility to comb the record for evidence or develop Miescke's arguments for him.  *See United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999) ("A party's failure to develop an argument constitutes a waiver of that claim, as '[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.'") (quoting *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998))  Moreover, the court "will not consider facts contained only in a brief."  *See* Summ. J. Proc., *supra*, Sec. I.A.B.4.  Finally, Miescke does not cite any legal authorities or develop more than a perfunctory argument in support of this claim, thereby waiving it.

For all these reasons, Miescke has utterly failed to meet his burden to establish a material dispute of fact on the question of whether he suffered any constitutional deprivation from anyone.  But even if he had met that burden, he did not–cannot–establish liability on the part of the Village under the stringent limits placed on municipal liability by *Monell*.  "[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). For the Village to be found liable, Miescke must show that the act complained of was caused by:

> (1) an official policy adopted and promulgated by its officers;
>
> (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or
>
> (3) an official with final policy-making authority.
>
> *Monell*, 436 U.S. at 690; *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009).

Miescke concedes that he has not identified either (1) an express policy by the Village that led to the alleged deprivations, or (2) any person with final policymaking authority who caused the injury. (In his complaint, he also alleged that the Village was liable for "failing to supervise and train" its officers, but he has abandoned that theory of recovery. *See* Opp. Br., dkt. 41, at 7.)  This leave one avenue of relief available to Miescke: he must show a "widespread custom or practice," which requires him to demonstrate that the alleged deprivations of his constitutional rights were not just "a random event." *Thomas v. Cook Cty. Sheriff's Dept.*, 605 F.3d 293, 303 (7th Cir. 2010).

Miescke has not identified even a single instance (other than what allegedly happened to him) in which MPD attempted to contact a person after s/he had invoked a right to counsel,

4

or in which MDP arrested someone without probable cause. Although the Court of Appeals for the Seventh Circuit has not adopted any bright-line rules defining a "widespread custom or practice," it has said that there "must be more than one instance," *Cosby v. Ward*, 843 F.2d 967, 983 (7th Cir. 1988), and even three might not be enough. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) ("[T]hree incidents where vehicle owners were erroneously told that their vehicles were not at Lot 6 do not amount to a persistent and widespread practice.") (internal quotation marks omitted); *see also Bridges v. Dart*, 950 F.3d 476, 480 (7th Cir. 2020). Miescke has presented no evidence whatsoever to show that MPD's alleged actions toward him were anything other than isolated acts. Accordingly, there is no basis to impose *Monell* liability on the Village, even if Miescke could establish a constitutional violation in the first place. As noted above, he hasn't even done this.

  Summary judgment is the " 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Once the Village submitted facts showing that it was entitled to relief, it was up to Miescke to present record evidence sufficient to create a genuine dispute of material fact that he was deprived of his constitutional rights and that the Village had a widespread custom or practice that was the moving force behind that deprivation. Miescke wholly failed to meet that burden.

ORDER

IT IS ORDERED that defendant Village of McFarland's motion for summary judgment, dkt. 27, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 8th day of June, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge